NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>TEXAS TOWING AND HAULING LLC, a Texas Limited Liability Company; CHRISTOPHER SOTO, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Texas Towing and Hauling LLC ("Texas Towing") is, and at all times relevant to this action was, a Texas limited liability company with its principal place of business in the County of Ellis, State of Texas.

3. Defendant Christopher Soto ("Soto"), an individual, is and at all times relevant to this action was, a resident of the County of Ellis, State of Texas, and was an officer, director, shareholder, agent and/or owner of Defendant Texas Towing.

4. Plaintiff is informed and believes, and thereon alleges, that all Defendants, including any members or shareholders of any defendant entities, are all located outside of California.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code section 1801, *et seq.* (Unruh Retail Installment Sales Act), and/or California Civil Code section 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein below, defendant Texas Towing agreed that the documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **25. GENERAL.** … THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND AGREES THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

8. Jurisdiction. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9. <u>Venue</u>. The venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

### FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement)
### (Against Texas Towing)

10. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

11. Prior to January 2023, Balboa is informed and believes that Texas Towing initiated and engaged with Ironplanet, Inc., located at 5667 Gibraltar Pleasanton, CA 94588 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the

"Collateral") for its business.  The Equipment Vendor worked with Texas Towing in the selection of the Collateral and in coordinating its delivery.

12. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendant's electronic credit application to Balboa and other financial institutions.  Upon review, Texas Towing concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from Defendant to finance the Collateral being supplied by the Equipment Vendor.

13. On or about January 18, 2023, Texas Towing executed a certain written Equipment Financing Agreement No. 433376-000 (the "EFA"), under the terms of which Balboa loaned to Texas Towing the principal sum of One Hundred Sixty-One Thousand Five Hundred Forty-Six Dollars and Sixteen Cents ($161,546.16), in order to finance the Collateral for its business.  The EFA required Texas Towing to make seventy-two (72) monthly payments of $3,238.63, payable on the 21st day of each month, beginning February 21, 2023.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

14. The last payment received by Balboa was credited toward the monthly payment due for October 21, 2023.  Therefore, on or about November 21, 2023, Texas Towing breached the EFA by failing to make the monthly payment due on that date.  Defendant Texas Towing's failure to make timely payments is a default under the terms of the EFA.

15. In accordance with the EFA, and as a proximate result of Texas Towing's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $207,272.32.  This amount is exclusive of interest, attorneys' fees and costs, no portion of which has been paid by Texas Towing.

16. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Texas Towing.

17. As a proximate result of Texas Towing's breach of the EFA, Balboa has been damaged in the total sum of $207,272.32, plus prejudgment interest from November 21, 2023, until the entry of judgment herein.

18. Further, under the terms of the EFA, Texas Towing promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Texas Towing.

19. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Guaranty)

### (Against Soto)

20. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

21. Concurrent with the execution of the EFA and in order to induce Balboa to enter into the EFA with Texas Towing, Soto guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Soto (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Soto.

23. Following a default of Texas Towing under the terms of the EFA, Balboa demanded Soto make the payments required under the EFA. Soto failed to meet the Guaranty obligations and make the payments required under the EFA.

24. Pursuant to the terms of the Guaranty, the sum of $207,272.32, plus prejudgment interest from November 21, 2023, is due and payable to Balboa from Soto. This Complaint, in addition to previous demands, shall constitute further demand upon Soto to pay the entire indebtedness due and owing from Texas Towing to Balboa under the terms of the EFA.

25. Under the terms of the Guaranty, Soto promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Soto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1. The principal sum $207,272.32;

2. Prejudgment interest from November 21, 2023 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral, which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

1      6.     Costs of suit as provided by law;

3     DATED: January 16, 2024         SALISIAN | LEE LLP

By: _____
     Neal S. Salisian
     Glenn R. Coffman
     Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

COMPLAINT